PETER HUBBELL *vs.* MARY JANE CURRIER & others.

If land has been conveyed by an insolvent debtor in fraud of creditors to one who has thereafter mortgaged it to a third person by a mortgage which is also void, the assignee of the insolvent debtor may maintain a bill in equity to set aside the conveyances. If, however, the mortgage has been assigned to an innocent purchaser for a valuable consideration, it cannot be declared void, but the parties to the fraud will be held responsible for the amount thereof.

BILL IN EQUITY brought by the assignee of Lewis Currier, an insolvent debtor, alleging that a warrant in insolvency was duly issued against the estate of said Lewis on the 16th of February 1863, and the plaintiff was duly chosen assignee of his estate; that on the 13th of May 1861 said Lewis, being seised of two certain parcels of land in Boston, conveyed the same to Richard F. Fuller, who on the same day conveyed the same to Mary Jane Currier, wife of said Lewis ; that both of these conveyances were voluntary and without any valuable consideration, and that the conveyance to Fuller was merely in order that he might convey the lands to Mrs. Currier ; that said Lewis was then largely indebted, and made said conveyance for the purpose of defrauding his existing and subsequent creditors; that on the 12th of September 1862 said Mary Jane Currier and Lewis Currier mortgaged the said parcels of land to Samuel Q. Currier, a brother of said Lewis, to secure the sum of four thousand dollars, and that said mortgage was also without consideration and fraudulent, as against the creditors of Lewis Currier; that in and during the year 1862 said Lewis entered into contracts with sundry persons on credit by means of which he built upon one of said parcels a brick dwelling-house, with

the intention of not paying the debts so contracted; that on the 3d of January 1863 Samuel Q. Currier assigned said mortgage to Andrew G. Greely, without consideration, and that said assignment was made and received in fraud of the creditors of said Lewis. The prayer was that the deed, mortgage and assignment might be declared void, and the premises released to the plaintiff.

The defendants filed a general demurrer, and the case was reserved by *Chapman,* J. for the determination of the whole court, and argued in March 1864.

*H. W. Paine & R. D. Smith,* for S. Q. Currier and A. G. Greely.

*J. B. Richardson,* for Lewis Currier and Mary Jane Currier.

*H. G. Hutchins,* for the plaintiff, was not called upon.

BIGELOW, C. J. This case differs from any which have heretofore been determined by this court, in which it has been held that an assignee in insolvency cannot maintain a bill in equity to recover land which had been conveyed in fraud of the creditors of the grantor. In the cases in which it has been so decided, it was apparent that a single writ of entry in favor of the assignee would settle the whole title in controversy, and leave no question open between the assignee and other parties to be determined by another suit. An action at law was therefore an adequate and complete remedy. *Thayer* v. *Smith,* 9 Met. 469. *Woodman* v. *Saltonstall,* 7 Cush. 181. *Pratt* v. *Pond,* 5 Allen, 59. Not so here. The title by which the grantee of the insolvent debtor claims to hold the estate is distinct from that of the mortgagee. A recovery against the former in a writ of entry would still leave the title of the latter undetermined. The validity of the two titles would depend in part on different facts, and the application of different legal principles. It would seem, therefore, to be a case where an assignee in insolvency is seeking to recover certain parcels of real estate in which two persons claim to have distinct rights and interests, which cannot be definitively determined in one action at law.

It has been suggested that the grantee of the insolvent debtor and the mortgagee to whom she conveyed the premises in

mortgage might both be joined in a writ of entry, and their respective titles to the property tried and determined in one and the same action.   This course of practice is certainly not conformable to the general rule of law in real actions, which is, that two persons cannot be joined in a real action who claim to hold an estate by distinct and separate seisins.   As their titles are different, and they may have different grounds of defence, the causes of action are distinct, and cannot be joined in one writ.   Hence it is that, where two or more persons are joined in a real action, they are always supposed to have the same title and seisin, and to be either joint tenants, or coparceners of the land demanded. Jackson on Real Actions, 72.   *Varnum* v. *Abbot,* 12 Mass. 474, 480.

But it is urged that this principle does not apply where the persons sued are mortgagor and mortgagee of the same parcel, and a passage from Jackson on Real Actions, 88, *et seq.,* is cited in support of this suggestion.   It is undoubtedly true, as there stated, that a mortgagor and mortgagee may be sued in the same action.   But this exception to the general rule was allowed only for the purpose of preventing an abatement of the writ by the entry of the mortgagor or mortgagee after action brought in pursuance of the condition in the mortgage, and thereby defeating the estate of the tenant in the action, and affording sufficient ground for an abatement of the writ.   Thus, if a mortgagee was sued in a real action, the mortgagor, by paying the money on the day specified in the condition, might revest his estate and enter on the mortgagee ; or the mortgagee, if the condition of the mortgage should be broken pending an action against the mortgagor for recovery of the premises by a third person, might enter for such breach and expel the mortgagor ; in either of which cases such entry might be pleaded in abatement of the writ by the tenant in the action.   But the respective titles of both mortgagor and mortgagee to the demanded premises could not be tried in such action.   This is manifest from the course which the pleadings would take, as stated by Judge Jackson. If both mortgagor and mortgagee, when sued jointly, should each by his plea seek to abate the writ by taking on himself the

entire tenancy, the demandant would reply the special matter, setting forth the existence of the mortgage and averring that at the time of action brought the mortgagor or mortgagee (as the case might be) had not entered on the demanded premises. If this replication was supported and the tenants required to answer over, then, if the mortgagee should plead that he had nothing but an estate on condition, and that the mortgagor had since the commencement of the action entered, and if the mortgagor should answer as sole tenant, the demandant might accept the latter as tenant to his writ, and reply to his bar as if he had been impleaded alone. So if the mortgagor had not entered, and should plead that he had nothing but a right of entry on condition, and the mortgagee should take the entire tenancy and plead over, the demandant would accept the latter as tenant, and reply to his bar. But in either case the title of the one only who had been accepted as tenant could be tried in the action; the plea of the other who had not taken on himself the sole tenancy being regarded as equivalent to · a plea of non-tenure or disclaimer. By no form of pleading recognized by the rules of law could they both put in issue their respective titles, so that they could be adjudicated in the same action.

Inasmuch as the bill in the present case sets forth facts which make a case of fraud of a nature which constitutes a proper · subject matter of jurisdiction in equity, and the remedy at law for the grievances alleged in the bill is not adequate and complete, we are of opinion that the order must be

*Demurrer overruled.*

After the above decision had been made, the defendants filed answers, and evidence was taken before a master upon the issues of fraud which were raised, and the case was reserved upon the merits for the determination of the whole court, and argued in March 1865, by· *H. G. Hutchins*, for the plaintiff, and *R. D Smith*, for the defendants; and the court found that the convey ance through Fuller to Mary Jane Currier was made with an intent to defraud creditors of Lewis Currier, of which she had notice and knowledge; and that the mortgage to Samuel Q.

Currier was made with like intent, and that said Samuel Q. had notice of such intent. The mortgage was therefore adjudged void as against him; but as he had transferred the same to Greely, without notice of the fraud and for a valuable considereration, it was also adjudged that the mortgage could not be avoided, and that the parties to the fraud were therefore responsible for the amount of the mortgage; and a decree was entered for the plaintiff against Mary Jane Currier and Lewis Currier for a conveyance to the plaintiff of the premises subject to the mortgage; and against Mary Jane Currier, Lewis Currier and Samuel Q. Currier for the amount due on the mortgage, to be ascertained by a master, unless agreed upon, with costs; and for the defendant Greely, with costs.